Breitel, J. (concurring).
I agree that there should be a reversal but on the narrow ground that the statute does not contemplate a casual act, in words or nonverbal conduct, which happens to help bring about a crime. On the other hand, I regard it as immaterial whether the principal criminal (Newlon in this case) knew of the drug purchaser or then intended to make the particular sale to him (see, e.g., the fourth illustration in the Denzer-McQuillán commentary about a physician who “ advises against an abortion, but, at the patient’s insistence, refers her to an abortionist ” [McKinney’s Cons. Laws of N. Y., Book 39, Penal Law (1967) Commentary, at p. 187]). The problems in distinguishing between casual acts and incriminating acts of facilitation have arisen elsewhere under similar accessory statutes (see Ann., Drug Crimes — Recommending Source, 42 ALR 3d 1072, esp. § 2). It suffices for the purpose of this" case that “mere directing to or recommending” of a source of drug supply is not sufficient to sustain a criminal prosecution for facilitation (id.).
Judges Bubke, Jones and Wachtleb concur with Chief Judge Fuld; Judge Bbeitel concurs in a separate opinion in which Judge Jasen concurs; Judge Gabbielli taking no part.
Order reversed, etc.